SUMMERS, J.
delivered the opinion of this Court.
These cases, presenting questions of practice, arising under the 28th and 72d sections of the “Act for the limitation of actions; for preventing frivolous and vexations suits: concerning Jeofails, and certain proceedings in civil cases,” were considered together.
The seventy-second section, in general terms declares, that “if the Plaintiff shall at any time fail to prosecute his suit, he shall be non-suited, and pay to the Defendant, or Tenant, besides his costs, five dollars.” -'This provision, justD’im-posing a penalty on the Plaintiff for vexing his adversa^' with a suit, which is afterwards abandoned, and giving some remuneration to the Defendant, for the expense and trouble to which he has been exposed, extends, in our opinion, to all cases of a 1 voluntary desertion of the cause by the Plaintiff after the appearance of the Defendant, whether that desertion shall happen in a failure to declare; to answer his adversary in any of the subsequent stages of the cause before issues are formed; or shall be occasioned by the dis-mission, or discontinuance of the suit after an appearance, in all which cases, Judgment of non-suit should be entered for the five dollars given by Daw.
When the cause is dismissed on failure of the Plaintiff to give security for the costs, a majority of the Court is of opinion, that it is not a voluntary failure to prosecute the suit, but is rather the result of an obstruction to the progress of the cause, occasioned by the act of the Defendant, and which the Plaintiff may not have it in his power to overcome. Another reason for this difference is, that the twenty-eighth section of the Act before referred to, does not in terms require such dismis-sions to be entered as non-suits and they are not within the reasons of the seventy-second section.
To the rule before adverted to, there will perhaps be found an exception in the case of a Retraxit. There, it is true, that the Plaintiff also voluntarily abandons his cause, but as he goes further, and admits that he has no cause of action, he entitles the Defendant to a Judgment as beneficial to him, as if rendered on a general verdict in his favor. The Court can, therefore, perceive no good reason for giving damages in the one case, which the Daw does not warrant in the other. To do so, would be to compel a Plaintiff, willing to submit to a final Judgment in favor of his opponent, to incur the useless expense of impannell-ing a Jury, for the sole purpose of avoiding the amercement. A non-suit, is not a final disposition of the cause: the ^Plaintiff may commence it anew. A Retraxit is a final disposition of it, and the Plaintiff cannot again commence his action. There is, therefore, good reason why in the former case, the damages should be allowed, and not in the latter.